**BROADMOOR HOTEL, INC., a Colorado corporation, Plaintiff–Appellee,**

v.

**The DEPARTMENT OF REVENUE, STATE of COLORADO; Alan H. Charnes, Executive Director, Defendants–Appellants.**

No. 87CA1639.

Colorado Court of Appeals, Div. I.

April 6, 1989.

Sherman & Howard, Ben S. Wendelken, Colorado Springs, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendants-appellants.

PIERCE, Judge.

The Department of Revenue (Department) and its executive director, appeal a district court judgment reversing its decision and entering a summary judgment in favor of plaintiff, Broadmoor Hotel, Inc. We reverse.

The Broadmoor is a resort hotel which operates eight bars on its premises. Some of these bars make available to their patrons complimentary snacks and hors d'oeuvres which are purchased by the Broadmoor at wholesale. The issues on appeal are 1) whether the purchase of these items is subject to a use tax, and if so, 2) whether the Broadmoor is exempt

from the tax under § 39–26–203(1)(t), C.R.S. (1982 Repl.Vol. 16B).

## I.

The Department contends that the purchase of the snacks, under the facts of this case, was subject to a use tax. We agree.

Section 39–26–202, C.R.S. (1982 Repl.Vol. 16B) imposes a use tax for the "privilege of storing, using, or consuming in this state any articles of tangible personal property purchased at retail." The requirements for imposing the use tax are 1) tangible personal property; 2) purchased at retail; 3) without prior payment of a sales or use tax; and 4) use or consumption in Colorado. *Tri–State Generation & Transmission Ass'n, Inc. v. Department of Revenue*, 636 P.2d 1335 (Colo.App.1981).

The crucial issue here is whether the snacks were purchased by the Broadmoor "at retail." A purchase at retail is not one for resale. *See* §§ 39–26–102(9) and 39–26–102(19), C.R.S. (1982 Repl.Vol. 16B). Therefore, a wholesale purchase is "at retail" for use tax purposes if the goods are not purchased for resale. *International Business Machines Corp. v. Charnes*, 198 Colo. 374, 601 P.2d 622 (1979). The test for taxability is "whether the item is purchased primarily for resale or whether its resale is merely incidental to the primary purpose of the later transaction." *A.B. Hirschfeld Press, Inc. v. City & County of Denver* (Colo.App. 87CA0126, November 17, 1988).

The Broadmoor contends that it is not liable for a use tax because it purchased the snacks for resale to its bar patrons and, therefore, the purchase was not "at retail." The district court agreed based on its determination that, although no separate charge was made, the cost of the snacks is added to the cost of a beverage and thereby resold to bar patrons. It is the Department's position that there was no resale, but rather that the use of the snacks by the Broadmoor was promotional and thereby incidental to its bar service.

In *Carpenter v. Carman Distributing Co.*, 111 Colo. 566, 144 P.2d 770 (1943), it was held that items such as cloth, buttons, thread, and wrapping paper purchased to be used in a laundromat business, with no separate charge to the customer but included in the cost of the service, were not resold to the customer. Similarly, the purchase of pre-press materials to be used by a commercial printer and included in the service price was held to be subject to a use tax. *See A.B. Hirschfeld Press, Inc. v. City & County of Denver, supra.* In both cases, it was determined that the purchase of the items was for incorporation into the service provided and not primarily for resale.

We find no support in the record for the trial court's determination that the cost of the snacks is included in the price of beverages sold to bar patrons.

To the contrary, the facts support the conclusion of the Department that the use of the snacks by the Broadmoor was to promote its bar service which, particularly in the resort hotel business, is a standard and incidental part of a bar service. Here, the record establishes that there are no restrictions on the amount of complimentary food to be consumed by bar patrons and no charge is assessed if a person fails to purchase a beverage. Also, the Broadmoor charges the same price for each beverage in each of its bars regardless of whether complimentary food is served. Thus, we hold that the purchase of the snacks by the Broadmoor is subject to a use tax.

## II.

The Broadmoor, however, contends that even if its purchase of the snacks is subject to a use tax, it is exempt from the tax under § 39–26–203(1)(t), C.R.S. (1982 Repl. Vol. 16B). We disagree.

Section 39–26–203(1)(t) provides an exemption from the use tax for retailers or vendors of food, meals, or beverages for articles of tangible personal property:

> *"furnished* to a consumer or user *for use with* articles of tangible personal property purchased at retail, if a separate charge is not made for the articles to the consumer or user, if such article

becomes the property of the consumer or user, together with the food, meals, or beverages purchased, and if a tax is paid on the retail sale as required by section 39–26–104(1)(a) or (1)(e)." (emphasis added)

 As an exemption is a rare exception to taxation, the burden is on the taxpayer to establish the right to the exemption. *Security Life & Accident Co. v. Heckers,* 177 Colo. 455, 495 P.2d 225 (1972). Any ambiguity in the language of the statute is to be construed against the taxpayer. *Security Life & Accident Co. v. Heckers, supra; Regional Transportation District v. Charnes,* 660 P.2d 24 (Colo.App.1982). Here, the Broadmoor has failed to establish that it is entitled to the exemption.

A statute is to be construed in accordance with its plain meaning. *Ellis v. Charnes,* 722 P.2d 436 (Colo.1986). Section 39–26–203(1)(t) provides an exemption for items which are "furnished" to a consumer or user for "use with" food, meals, or beverages which are sold at retail and become the property of the purchaser.

The word "furnish" is defined as meaning to equip; to provide or supply with something that is necessary, useful, or desired. *Webster's Third New International Dictionary* 923. The word "use" means to employ; to put into action or service. It "stresses the practicality of the end result or purpose for which something is employed." *Webster's Third New International Dictionary* 2523.

The Department has interpreted a sales tax exemption provision which contains the identical language, § 39–26–114(1)(a)(XVI), C.R.S. (1982 Repl.Vol. 16B), as applying only to wooden, paper, and plastic products used in serving food and beverages. Department of Revenue Regulation No. 21–103, 1 Code Colo.Reg. 201–5. Such items include toothpicks, napkins, plastic and paper plates, and disposable eating utensils. This interpretation of the language contained in the exemption at issue should be given deference, so long as it is not incon-

sistent with the design of the act. *See Traveler's Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976). Consequently, we hold that the Broadmoor has failed to establish that the snacks are within the exemption at issue, and therefore, they are subject to the assessed use tax.

Judgment reversed.

PLANK, J., and HODGES,* Justice, concur.