634 So.2d 922 (1994)
S & R HOTELS, a Louisiana Partnership d/b/a Richmond Suites Hotels, Plaintiff-Appellee,
v.
Edward A. FITCH, Administrator, Caddo-Shreveport Sales and Use Tax Commission, Defendant-Appellant.
Shelby R. SMITH, Trustee, d/b/a Chateau Suite Hotel of Shreveport, a Louisiana Partnership, Plaintiff-Appellee,
v.
Edward A. FITCH, Administrator, Caddo-Shreveport Sales and Use Tax Commission, Defendant-Appellant.
Nos. 25690-CA, 25691-CA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1994.
*923 Mayer, Smith & Roberts by George T. Allen, Jr., Shreveport, for appellant.
McGlinchey, Stafford & Lang by Steven I. Klein, New Orleans, Skeels & Coleman by Ben E. Coleman, Shreveport, for appellee.
Before NORRIS, LINDSAY and STEWART, JJ.
LINDSAY, Judge.
The plaintiffs, Richmond Suites Hotels and the Chateau Suite Hotel, filed suit against the defendant, Edward A. Fitch, administrator of the Caddo-Shreveport Sales and Use Tax Commission, to recover taxes paid under protest. The trial court entered judgment in favor of the plaintiffs and the defendant appealed. For the following reasons, we affirm the trial court judgment.

FACTS
The issue in this case is whether the plaintiffs are required to pay sales tax when they purchase food and beverages from various vendors, and then furnish those items on a "complimentary" basis to their hotel patrons. The plaintiffs routinely provide complimentary breakfast, cocktails, and in-room coffee to hotel patrons. This is offered as part of the marketing strategy of the hotels. Persons who are not hotel patrons may also obtain breakfast and cocktails, but are required to pay a fee.
In February, 1992, the defendant completed an audit of the plaintiff-hotels and concluded that the food and beverages purchased wholesale by the hotels for the "free" breakfasts, coffee and cocktails were not purchases for resale and that the hotels were the ultimate consumers of these goods. Therefore, the defendant concluded that the hotels were required to pay sales tax on these purchases.
The plaintiffs, who had not previously paid sales tax when making these purchases, were assessed with taxes due, penalties and interest. The Chateau's total assessment was $5,526.93 and the Richmond's assessment was $4,216.56. The plaintiffs paid these amounts under protest and filed separate suits to recover the amounts paid. The cases were consolidated prior to trial.
The plaintiffs contend that the concept of the suite hotel is to offer more spacious, "luxury" accommodations with more extensive amenities than those offered in traditional hotels. Among the more extensive amenities offered are the "complimentary" breakfast, coffee and cocktails. In the trial court, the plaintiffs contended that they sell package deals to hotel guests which include not only the use of the room, but also the breakfast, coffee and cocktails. They alleged that, although these items are advertised as being "free," in fact they are included in the price of the room. The plaintiffs alleged that the total cost of these items, per person, is $7.50. They argued that these items, initially purchased wholesale from various vendors for the food and beverage service are not purchased for consumption by the hotels, but are actually purchased for resale to the hotel patrons, within the meaning of the applicable tax statutes. Therefore, the plaintiffs argue *924 that they are not required to pay the sales tax imposed by the defendant.
The plaintiffs contended that hotel patrons are charged the applicable state and local sales tax and hotel occupancy tax on the total amount charged for the room and "complimentary" food and beverage packages. That is, a total tax of eleven percent was charged on the entire package price, including the food and beverage items, even though the tax due on the food and beverage would not have included the three percent hotel occupancy tax. They contend that this tax was collected on rooms, food and drink and was forwarded to the appropriate taxing authorities. The hotels also contended that to impose a sales tax at the time the food and beverage items were initially purchased at wholesale, in addition to the taxes which they collected from their patrons, would amount to "double taxation."
Trial on the consolidated cases was held on April 12, 1993. Steve McLauren, accountant for Smith Management, testified regarding the sales tax practices employed by the Chateau and Richmond Suites. Mr. McLauren stated that four percent sales tax is paid in advance to food and beverage suppliers and a sales tax credit is later taken on monthly sales tax returns. Mr. McLauren stated that seven percent of the total operating cost of Chateau Suite Hotel is allocated to the breakfast and beverage program. He also testified that ten percent of the total operating cost of Richmond Suites Hotels is allocated to breakfast and beverages. Sales tax on these items was charged to the hotel customers and submitted to the appropriate taxing authorities.
On May 12, 1993, the trial court filed written reasons for judgment, ruling in favor of the plaintiffs. The court found that the issue turned on the definition of "sale at retail", as defined in LSA-R.S. 47: 302(A) and the applicable Caddo-Shreveport Sales and Use Tax Ordinance. The court stated that the sales and use tax applies only upon the sale at retail, the use, the consumption, the distribution and the storage for use or consumption in Louisiana and Caddo-Shreveport of tangible personal property. This tax does not apply to purchases of goods intended to be resold. The court then found that the hotels were not the ultimate consumers of the food and beverages, but purchased these items for resale to customers, i.e. the guests of the hotels. Therefore, the plaintiffs did not owe sales tax when they purchased these items and were entitled to recover the sums paid under protest.
On May 28, 1993, judgment was filed in the trial court in favor of the plaintiffs, ordering the return of the amount of taxes paid under protest, plus interest and penalties. On June 7, 1993, the defendant appealed the trial court judgment.
On appeal, the defendant claims that the trial court erred in holding that the plaintiffs purchased food and beverages for resale to hotel customers. The defendant argues that the plaintiffs furnished customers with food and drink as a part of the hotels' function in renting rooms to patrons. The defendant also argues that the breakfast and drinks were not sold to the hotel guests because the guests did not have the opportunity to decide whether to purchase these items. Accordingly, the defendant contends that the trial court erred in holding that these purchases by the hotel were not subject to the sales and use tax.
To the contrary, the plaintiffs contend that the trial court was correct in finding that the food and beverages purchased by the hotels were purchased for resale to its customers.

DISCUSSION
The applicable ordinances under which the defendant levied the taxes at issue in this case are Sections 2.01 and 1.16 of the Caddo-Shreveport Local Sales and Use Tax Ordinances, which track LSA-R.S. 47: 302(A) and 301(10)(a), respectively.
Section 2.01 of the Caddo-Shreveport Local Sales and Use Tax Ordinances follows the language of LSA-R.S. 47:302(A), which provides:
There is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use of consumption in this state, of each item or article of tangible personal property as defined herein....
*925 Section 1.16 of the Caddo-Shreveport Local Sales and Use Tax Ordinances tracks the language of LSA-R.S. 47: 301(10)(a), which provides:
"Retail sale", or "sale at retail," means a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property and shall mean and include all such transactions as the collector, upon investigation, finds to be in lieu of sales; provided that sales for resale must be made in strict compliance with rules and regulations. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax.
"Retail" is the selling of commodities or goods in small quantities to the ultimate consumer. A "retail sale" is any sale by one regularly engaged in the business of selling to customers who buy for their use or consumption and not for resale to others. Codesco v. Collector of Revenue, 365 So.2d 577 (La.App. 1st Cir.1978).
The issue in this case is whether the plaintiffs actually charged hotel patrons for food and drink as a retail sale upon which taxes were paid. The trial court found that the price of the food and beverage was included in the total price charged to hotel patrons, as a "package deal." The trial court also found that the hotels charged the patrons the applicable sales tax on the entire package, including the food and beverage items, and thereafter submitted the amount of this tax to the appropriate taxing authorities.
Both the plaintiffs and the defendant cited several cases, largely from other jurisdictions, dealing with the imposition of sales tax. We have examined the cases cited by the parties and find that where a hotel, independent contractor, dentist, airline or other business purchases goods to be used in furnishing a traditional service to customers, the purchase of the goods is not for resale and sales tax is imposed upon the business-purchaser. However, when there is a showing that the goods initially purchased by the business are not ordinarily furnished in the traditional course of providing a service and there is a showing that the goods are resold to the ultimate consumer, the business is not required to pay sales tax.
In Helmsley Enterprises v. Tax Appeals Tribunal of the State of New York, 187 A.D.2d 64, 592 N.Y.S.2d 851 (N.Y.App.Div.3d Dept.1993), the court considered the imposition of sales tax on purchases by the hotel of furniture, towels and sheets, soap and stationery, which were placed in the guest rooms of the hotel. The hotel sought to avoid payment of the sales tax on these items. The court found that the placing of these items in the guest rooms is inseparably connected to the petitioner's essential business of serving the comfort and convenience of its guests. Therefore, furnishing these items to guests could not be considered separate transactions for sales tax purposes.
Similarly, in Sine v. State Tax Commission of Utah, 15 Utah 2d 214, 390 P.2d 130 (1964), the court considered the imposition of sales tax upon a hotel for its purchase of linen, towels, mattress covers, blankets, soap, postcards, drinking glass covers, toilet bands, stationery and magazines. The court found that the hotel is the ultimate consumer of these items and under the letter and spirit of the applicable use tax act was required to pay tax on the purchase of these items.
In City of Shreveport v. Kleowdis, 408 So.2d 956 (La.App.2d Cir.1981), this court considered the issue of whether dentists were required to pay sales tax when purchasing dental prosthetic devices from dental laboratories. The dentists claimed they were not the consumers of the devices, but resold them to their patients at retail. This court rejected the argument of the dentists and found that the devices were not resold to the patients, but were included in the rendition of professional services. Therefore, the dentists were required to pay sales tax when purchasing the prosthetic devices.
In Collector of Revenue v. J.L. Richardson Company, 247 So.2d 151 (La.App. 4th Cir. 1971), writ denied 258 La. 915, 248 So.2d 586 (1971), the defendant, a catering company, prepared and served meals to oil company employees who were working on offshore drilling rigs. The issue was whether the defendant was liable for sales tax on merchandise, *926 food and housekeeping equipment purchased from various vendors. The court found that the defendant purchased the food for use in fulfillment of its catering service contract with the oil company to provide meals for its employees. The items purchased by the defendant were not resold to the oil company employees. The defendant was providing a service of furnishing meals under its contract. Therefore, the defendant was required to pay sales tax on the initial purchases.
In Broadmoor Hotel, Inc. v. Department of Revenue, State of Colorado, 773 P.2d 627 (Colo.App.Div. 1, 1989), the hotel contained eight bars, some of which furnished complimentary snacks and hors d'oeurves to bar patrons. The Department of Revenue sought to impose a tax on the hotel for its initial purchase of these food items from various vendors. The hotel argued that, even though there was no separate charge for the snacks, the cost was included in the price of drinks purchased by bar patrons. The court rejected this argument and found that the hotel was required to pay tax on its purchase of food used for the snacks. The court observed that there were no restrictions on the amount of food consumed by bar patrons and no fee was assessed if a person ate the snacks and failed to purchase drinks. The court also observed that the same price was charged for drinks regardless of whether the food was actually consumed.
We note that in Broadmoor Hotel, supra, (the reasoning of which is consistent with that of the other cases discussed above), the furnishing of free snacks in bars is a common occurrence and may be said to be a normal part of providing bar service. This is distinguishable from the instant case in which the furnishing of complimentary breakfast and beverages is not a routine part of providing hotel service.
The plaintiff and defendant also cited several cases dealing with the question of the imposition of sales tax upon airlines for the purchase of food served to airline passengers.
American Airlines v. Department of Revenue, 58 Ill.2d 251, 319 N.E.2d 28 (1974), dealt with the issue of whether sales by Hot Shoppes, Inc. to American Airlines, of food to be served on its airline flights, was a taxable retail sale. The court ruled that this was a retail sale. The court stated that the evidence showed that when American Airlines purchased the food, it was not for resale. Rather, the service of meals to passengers was to be considered a commercial amenity and operating expense necessary in the competitive field of air transportation. Although it was argued that the cost of the food was included in the price of airline tickets, the court stated that the same fare was charged, whether or not the meal was served or eaten. The court also noted that the airlines treated the cost of the meals as part of its general operating expense. See also Air Jamaica Ltd. v. State Department of Revenue, 374 So.2d 575 (Fla.Dist.Ct.App.1979), writ denied 392 So.2d 1371 (Fla.1980); USAir, Inc. v. Indiana Department of State Revenue, 542 N.E.2d 1033 (Ind. Tax Ct.1989).
However in other cases involving airline meals, the courts have found that under some circumstances, the meals are sold to the passengers. In Undercofler v. Eastern Airlines, Inc., 221 Ga. 824, 147 S.E.2d 436 (1966), the court found that the initial purchase of food by the airlines is not a taxable event but that the resale of the food to the passengers is a taxable event. The court found that the sale of food to passengers occurs when the ticket is purchased. The court also found that the price of a meal is a known amount and is separable from the charge made for transportation.
In State v. Hertz Skycenter, Inc., 55 Ala. App. 481, 317 So.2d 319 (Ala.Civ.App.1975), the court found that the initial sale of food by the defendant to United Airlines was not a retail sale. The court found that after its initial purchase, the food was resold to airline passengers, noting that the Civil Aeronautics Board requires that the price of the meal be included in the price of the ticket. The court also emphasized that in instances where the meal was not served, the passenger either received a coupon for a meal at the airport or was reimbursed for the cost of the meal.
In the present case, the plaintiffs argue that the "complimentary" breakfast and beverage *927 are part of a marketing strategy to give luxury hotels a competitive edge. The furnishing of food and beverage is not an integral part of providing traditional hotel service to customers, as is the furnishing of a room, bed, linens and soap. The trial court agreed with this argument. Further, the plaintiffs have shown that the price of the food and beverage is separable from the price of the room and that sales tax is charged to the hotel customer for these items. The facts here are similar to those airline cases cited by the plaintiffs in which the price of meals was separable from the price of the airline ticket. In those cases, as in the instant case, it was shown that the customers were actually charged for the meal.
As previously noted, in those cases dealing with the initial purchase by a business of goods normally furnished to a customer as an incident of providing a professional service, the initial sale has been held to be a retail sale and not a sale for resale and the business is required to pay sales tax on the purchase. Where goods are not furnished as a normal incident to furnishing professional services and the price of the goods is separable and can be established, the initial sale is not a retail sale but is a sale for resale.
Under the circumstances presented here, we find that the trial court was correct in holding that the initial sale of food and beverage by suppliers to the plaintiffs was not a retail sale, but was a sale for resale. It is well settled that the court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong" and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of facts should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Reeves v. United States Fidelity and Guaranty Company, 614 So.2d 857 (La. App.2d Cir.1993) writ denied 618 So.2d 414 (La.1993); Collier v. Southern Builders, Inc., 606 So.2d 885 (La.App. 2d Cir.1992).
We find that the trial court did not commit manifest error in holding that hotel patrons were charged for the food and beverages at issue here, and tax was collected on that sale. Accordingly, the judgment of the trial court in favor of the plaintiffs, ordering the return of the amount of the tax, interest and penalties, is affirmed.

CONCLUSION
For the reasons stated above, the judgment of the trial court in favor of the plaintiffs is affirmed. Costs are assessed to the defendant.
AFFIRMED.