RWATKINS, Judge.
The instant appeal presents for our consideration for the first time the applicability vel non of LSA-R.S. 39:1595.5 (the preference statute) to state procurements accomplished by way of the competitive bid process under the Louisiana Procurement Code (LSA-R.S. 39:1561 et seq.).[2] The preference statute authorizes the allowance of a five percent preference on cost to a Louisiana retailer over an out-of-state retailer.
The Division of Administration and the Office of State Purchasing (State) maintained a continuous policy against such applicability since the preference statute’s enactment in 1985. The State’s policy was supported by an opinion of the Attorney General (#85-590), which cited a logical distinction between items procured through a public bid process and items purchased at retail from Louisiana vendors. The opinion was confirmed in a second opinion from the Attorney General, # 93-438.
The State continued to follow the policy against applicability of the preference statute to procurements pursuant to the competitive bid process until February 16, 1994, when a decision was rendered in Time Trend Computers, Inc. v. State of Louisiana, through the Division of Administration, State Purchasing Agency, # 397,412, Nineteenth Judicial District Court, Div. F., which decision declared the preference statute applicable to competitive bid process procurements.
The instant case originated with a solicitation, Bid Number B91965V, for ACT Brand Microcomputers. After bids were received and evaluated, the State awarded the contract to Fulton Computer Products and Programming, Ltd., the second lowest bidder at *720 $295,462.07, instead of Government Computer Sales, Inc. (GCSI), the lowest bidder at $288,697.62. Fulton was a dealer located in the state of Louisiana; GCSI was not.
GCSI timely protested the award and raised as one point of its protest the State’s application of the preference statute. The original hearing officer and the Commissioner of Administration approved the award of the bid and upheld the application of the preference ^statute, citing the State’s obligation to follow the district court’s decision in Time Trend. GCSI appealed the instant case to the same division of the district court that had decided Time Trend.
On September 18, 1995, the district court rendered judgment in favor of the State and against GCSI, affirming the Commissioner’s decision in the protest proceedings to Bid No. B91965V, which decision found the preference statute applicable to that bid. In his reasons for judgment the district court judge noted that this court had affirmed his judgment in Time Trend. The district judge failed to note that the issue of the preference statute’s applicability was not reached by this court.
The standard of judicial review in this type of case is set forth in LSA-R.S. 49:964(G). We may reverse or modify the Commissioner’s decision if substantial rights of the appellant have been prejudiced because the administrative conclusion is, inter alia, affected by error of law. Because we interpret the pertinent legislation as making the preference for in-state retailers inapplicable to procurements obtained through the competitive bid process, the Commissioner’s decision was based on a trial court’s error of law and cannot be allowed to stand.
Our interpretation of LSA-R.S. 39:1595.5[3] is based on the following considerations.
First, the wording “purchasing items at retail” is different from “procure by competitive bid process.” “Retail” is the selling of commodities or goods in small quantities to the ultimate consumer. S & R Hotels v. Fitch, 25690 & 25691 (La.App. 2d Cir. 3/30/94); 634 So.2d 922. Procuring goods or services through the competitive bid process envisions obtaining the items through a process insulated with the secrecy and safeguards of sealed bids, thus leading to a more competitive price than is available on the open market. Furthermore, LSA-R.S. 39:1595, another preference statute (for products produced, grown, or harvested in ^Louisiana), applies to an official who “procures or purchases,” thus signifying a difference between the two words. Thus, the Section 1595 preference would apply to both retail sales and procurements by competitive bid processes, but the Section 1595.5 preference applies only to the official’s “purchasing items at retail.” The language used in other preference statutes, found in LSA-R.S. 39:1594.2, 1595.1 through 1595.4, and 1595.6, clearly indicates that some of the preferences are applicable to the procurements pursuant to the competitive bid process and some are inapplicable; one preference statute, Section 1594(A), uses language referring to both the competitive bid process and purchases excepted from the competitive bid requirement.
Second, a preference for in-state vendors is an exception to the competitive sealed bid requirements of LSA-R.S. 39:1594, a prohibitory statute, and such exceptions must be strictly construed. See American Waste & Pollution Control Co. v. Madison Parish Police Jury, 488 So.2d 940, 944 (La.1986). Interpretation of the language of Section 1595.5, dealing with retail purchases, which extends that preference to sealed bids is inconsistent with strict statutory construction.
*721 Finally, a preference will be upheld when it serves a legitimate state interest, such as encouraging Louisiana’s industries, and when it is rationally related to advancing that purpose. See Bristol Steel & Iron Works, Inc. v. State, DOTD, 507 So.2d 1233, 1236 (La.1987). The preference in question, which allows a local vendor a five percent excess price, directly contravenes the stated legislative policy of the competitive bid statute of achieving “increased economy” in state procurement activities by fostering effective competition. See LSA-R.S. 39:1552B(5). Regarding resident business preferences, LSA-R.S. 39:1594H provides that “[i]n state contracts awarded by competitive sealed bidding, resident businesses shall be preferred to nonresident businesses where there is a tie bid and where there will be no sacrifice or loss in quality.” [Emphasis supplied.]
Having found that both the Commissioner’s and the lower court’s decisions were affected by an error of law, we now turn to an appropriate disposition of the instant case. This court recently explained the appropriate procedure, as follows:
Revised Statute 39:1678(1) provides that if the bidder has not acted fraudulently or in bad faith, a contract awarded in violation of law may be either ratified and affirmed or terminated. This must be done at the Isadministrative level. Revised Statute 39:1678.1 governs plaintiffs damages; it limits them to the reasonable costs incurred in connection with the solicitation, including bid preparation costs other than attorney fees. [Footnote omitted.]
Pacificorp Capital, Inc. v. State, Division of Administration, Office of State Purchasing, 620 So.2d 913, 918 (La.App. 1st Cir.) writ denied, 629 So.2d 351 (La.1993). See also LSA-R.S. 39:1678.1 regarding damages.
Accordingly, we vacate the decision of the Commissioner and the judgment of the district court, and we remand the matter to the Commissioner of Administration for further proceedings consistent with this opinion. We east the Division of Administration for costs of this appeal in the amount of $661.45.
DECISION AND JUDGMENT VACATED; MATTER REMANDED TO DIVISION OF ADMINISTRATION.

. The Nineteenth Judicial District Court decided the issue in a previous case, Time Trend Computers, Inc. v. State, 94-2281 (La.App. 1st Cir. 6/23/95), 658 So.2d 839, but in that unpublished opinion, this court failed to reach the issue because DOA merely answered the appeal and did not file an appeal of its own. Because two of the parties in the case were not appellants, the DOA’s answer to the appellant’s appeal did not permit our review of the judgment as to the non-appellant parties.

. The section of the statute entitled “Preference for items purchased from Louisiana retailers” provides in pertinent part:
A. When purchasing items at retail, every procurement officer trader the provisions of this Chapter or other person acting as purchasing agent shall purchase items from a retail dealer located in the state of Louisiana which items are equal in quality to items purchased from a retail dealer located outside the state, provided the cost of items purchased from a retail dealer located in this state does not exceed by more than five percent the cost of the items purchased from a retail dealer located outside the state.
B. A retail dealer shall qualify for the preference if the dealer can show that he has paid Louisiana corporate income, corporate franchise, and inventory taxes or any combination thereof during the previous twelve-month period.