# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 06-918


**S & R HOTELS, L.L.C.**

**VERSUS**

**CALCASIEU PARISH SCHOOL BOARD SALES & USE TAX DEPARTMENT, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 04-2412
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## ELIZABETH A. PICKETT
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.


**AFFIRMED.**

Benjamin Wakefield Mount
Bergstedt & Mount
1011 Lakeshore Dr., Suite 200
Lake Charles, LA 70601
(337) 433-3004
  Counsel for Plaintiff-Appellant:
  S & R Hotels, L.L.C.

Carl Eston Singletary Jr.
Scofield, Gerard, Singletary & Pohorelsky
1114 Ryan St.
Lake Charles, LA 70601
(337) 433-9436
  Counsel for Defendant-Appellee:
  Calcasieu Parish School Board

**Russell Joseph Stutes Jr.**
**Stutes, Fontenot, Lavergne & Lutz**
**P. O. Box 1644**
**Lake Charles, LA 70602**
**(337) 433-0022**
  **Counsel for Defendant-Appellee:**
  **Calcasieu Parish School Board**

**Pickett, Judge.**

The plaintiff, S & R Hotels, L.L.C., appeals a judgment of the trial court granting the Calcasieu Parish School Board Sales & Use Tax Department's motion for summary judgment.

<h2 style="text-align:center"><u>STATEMENT OF THE CASE</u></h2>

S & R Hotels, L.L.C., operates a Richmond Suites Hotel (the Hotel) in Calcasieu Parish. Pursuant to an ordinance passed by the Southwest Louisiana Convention and Visitors Bureau, there is a 3% occupancy tax imposed on all hotel rooms in Calcasieu Parish. The Southwest Louisiana Convention and Visitors Bureau is authorized to collect this tax pursuant to La.R.S. 33:4574.1.1. The Calcasieu Parish School Board (the School Board) is the tax collector for the Southwest Louisiana Convention and Visitors Bureau.

In November 2003, the School Board conducted an audit of the Hotel, covering January 2000 through December 2002. The School Board determined that the Hotel had failed to pay the full amount due for the occupancy tax, alleging that there was a deficiency of $34,781.29. The School Board assessed the Hotel with the deficiency plus interest of $11,947.35 and penalties of $8,582.55. The Hotel paid the assessment under protest and filed a Petition for Refund of Tax Paid Under Protest on April 15, 2004. The Hotel argued that it was not required to collect the occupancy tax of 3% on that part of the room rental package which was used to pay for a complimentary breakfast, club room beverage, and in-room coffee.

Following discovery, both the Hotel and the School Board filed motions for summary judgment. Following a hearing, the trial court granted the motion for summary judgment filed by the School Board, finding that the Hotel had failed to pay

1

the proper amount. The trial court also awarded attorneys fees to the School Board.

The trial court judgment was signed on May 19, 2006. The Hotel now appeals.

## ASSIGNMENTS OF ERROR

The Hotel asserts three assignments of error:

1. The trial court erred in failing to find that the Southwest Louisiana, Calcasieu Parish, Louisiana, Occupancy Tax Ordinance No. 1 of 1996 expands the language contained in the state statute that provides for a tax on "occupancy of the hotel room."

2. The trial court erred in finding that S & R Hotels, L.L.C. must collect occupancy tax on the portion of the room/suite "package" allocated for the cost of daily breakfast, club room beverages and in-room coffee.

3. The trial court erred in failing to find that S & R Hotels, L.L.C. is entitled to a refund of the amount of the tax, interest and penalties paid under protest together with interest thereon from the date of the payment and at the rate provided by law.

## DISCUSSION

Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). The mover is entitled to judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

The issue in this appeal is rather straightforward. We must determine if the Hotel must collect the occupancy tax for that part of the room package cost which pays for the breakfast, club room beverages, and in-room coffee. In this case, the Hotel charged between $69 and $99 for a room, but failed to collect the 3% occupancy tax on $7.50 of that amount, which it claims was a charge not for the

occupancy of the room, but a charge to pay for the breakfast, drinks, and coffee. The staff of the hotel testified by deposition and affidavit. They admitted that only in limited circumstances could a hotel guest choose not to pay the $7.50 charge, usually where the hotel was under contract with an airline or other group. Otherwise, all guests of the Hotel were charged the $7.50 without the chance to choose not to receive the breakfast, beverage, or in-room coffee.

The Southwest Louisiana Convention and Visitors Bureau ordinance which mandates collection of the occupancy tax states, in pertinent part:

> There hereby is levied, from and after January 1, 1996, a tax on the occupancy of hotel rooms, motel rooms and overnight camping facilities at the rate of three (3) percent of the Sales Price of the hotel room, motel room or overnight camping facility.

The Sales Price is defined as "the gross price charged by a Dealer for a Hotel room or overnight camping facility." Thus, under the clear terms of the parish ordinance, the Hotel is required to collect the occupancy tax on the $7.50.

The Hotel argues that the parish ordinance conflicts with the statute authorizing collection of the occupancy tax in that the statute does not define "Sales Price." In 2002, Louisiana Revised Statute 33:4574.1-A[1] stated:

> A. (1) For the purposes set forth in Subparagraph (A)(6)(c) of this Section, a commission created pursuant to R.S. 33:4574(A)(2) is authorized to levy and collect a tax upon the occupancy of hotel rooms, motel rooms, and overnight camping facilities within the jurisdiction of the commission. Such tax shall not exceed the following percentages of the rent or fee charged for such occupancy:

> (y) Southwest Louisiana Convention and Visitors Bureau, three percent.

---

[1]Louisana Revised Statute 33:4574.1-A has since been redesignated La.R.S. 33:4574.1.1.

The statute does allow the taxing authority "the right to provide in the resolution or ordinance necessary and appropriate rules and regulations for the imposition, collection, and enforcement of the tax."

Under the facts of this case, we cannot say that the implementation of the ordinance exceeds the taxing authority granted in La.R.S. 33:4574.1-A.

This matter is clearly distinguishable from *S & R Hotels v. Fitch*, 25,690 (La.App. 2 Cir. 3/30/94), 634 So.2d 922. In *Fitch*, the hotel successfully argued that it did not have to pay local sales taxes to the suppliers of the food for the breakfast, beverages, and in-room coffee it provided to its guests, because the guests, not the hotel, were the end purchaser of those items, as evidenced by the $7.50 charged to each room to cover these items. The issue now before us is that the Hotel charges the $7.50 to occupy the room without a chance to "opt out" of the charge. Furthermore, the ordinance clearly requires collection of the tax on the gross price, and the statute authorizes the taxing authority to set rules for the collection of the tax.

We agree that the 3% occupancy tax imposed by the Southwest Louisiana Convention and Visitors Bureau is owed on the entire amount charged by the Hotel, including the $7.50 charged for the amenities. Because payment for the extra amenities is required in order to occupy the room, the amount charged for those amenities is taxable under the local ordinance. The judgment of the trial court is affirmed. Costs of this appeal are assessed to S & R Hotels, L.L.C.

**AFFIRMED.**

4