JUSTICE HOOD,
concurring in the judgment.
¶37 I agree with the plurality that under Denver’s lodging tax ordinance (“the ordinance”), Denver, Colo., Revised Municipal Code §§ 53-166 to -236 (2016), the OTCs are vendors who must collect and remit the prescribed tax on the entire purchase price of the lodging they sell. However, I disagree with the plurality’s rationale for reaching this result. Rather than viewing this outcome as a “fair and reasonable interpretation” of the ordinance, pi. op. ¶ 2, I believe the ordinance is unambiguous regarding the OTCs’ obligation to collect lodging tax on the^ entire purchase price. I therefore concur in the judgment only.[1]
¶38 The primary goal of statutory interpretation is to effectuate the enacting body’s legislative intent. BP Am. Prod. Co. v. Colo. *1139 Dep’t of Revenue. 2016 CO 23, ¶ 15, 369 P.3d 281, 285. This requires first looking to the plain language of the ordinance, construing words and phrases according to their ordinary meaning. Id. “A tax statute is no different than any other statute; it must be construed as a whole in order to give consistent, harmonious, and sensible effect to all of its parts.” Welby Gardens v. Adams Cty. Bd. of Equalization, 71 P.3d 992, 995 (Colo. 2003). If the language is clear and unambiguous, our analysis is complete: we look no further, and we apply the ordinance as written. Jefferson Cty. Bd. of Equalization v. Gerganoff, 241 P.3d 932, 935 (Colo. 2010). But if the language is susceptible to multiple interpretations, and therefore ambiguous, we may. resort to various aids to statutory construction. Id.
¶89 The court of appeals began its interpretive inquiry with the definition of “vendor,” because the ordinance' requires only “vendors” to collect and remit the tax. Because the ordinance defines “vendor” as “a person making sales of or furnishing lodging,” § 53-170(8), and further defines “sale” as “furnishing for consideration,” see § 53-.170(4), the court of appeals concluded that a “vendor” under the ordinance “refers only to one who actually furnishes lodging,” Expedia, Inc. v. City & Cty. of Denver, 2014 COA 87, ¶ 38, 405 P.3d 251. Because the ordinance does not define “furnish,” the court of. appeals looked to the ordinary meaning of that word, which the court determined was “to equip; to provide or supply with something that is necessary, useful, or desired.” Id. at ¶ 39 (quoting Broadmoor Hotel, Inc. v. Dep’t of Revenue, 773 P.2d 627, 629 (Colo. App. 1989)). The court of appeals then accepted the OTCs’ argument that they merely facilitate hotel reservations 'rather than equip, provide, or supply rooms, and therefore that they are not vendors. The court concluded that the OTCs had articulated a reasonable interpretation of the ordinance, demonstrad ing that the ordinance was at least ambiguous and should be construed in the OTCs’ favor. See City of Boulder v. Leanin’ Tree, Inc., 72 P.3d 361, 367 (Colo. 2003) (explaining that doubts in tax Statutes should be resolved against the government and in favor of the taxpayer).
¶40 In my view, the court of appeals inappropriately focused on the meaning of “vendor” to the exclusion of other provisions in the ordinance, and it thereby neglected to follow the well-established principle of statutory interpretation that a tax statute, like any other statute, “must be construed as a whole in order to give consistent, harmonious, and sensible effect to all of its parts.” Welby Gardens, 71 P.3d at 995; see also Colo. Dep’t of Revenue v. Cray Comput. Corp., 18 P.3d 1277, 1282 (Colo. 2001) (determining scope of tax exemption based on unambiguous language of statute after construing statute as a whole and defining integral term according to common usage); Mesa Verde Co. v. Montezuma Cty. Bd. of Equalization, 898 P.2d 1, 5 (Colo. 1995) (determining disputed issue based on plain language of statute and noting that “[t]his interpretation is consistent with the statute read as a whole”).
¶41 The ordinance levies the tax on “every person exercising the taxable privilege of purchasing lodging.” § 53471(a). “Purchase” and “sale,” though defined as one term in the ordinance, mean the acquisition and furnishing, respectively, of lodging for consideration. See § 53-170(4). Vendors are made responsible for collecting the tax at the time they make a sale. § 53473(a). A “vendor,” as discussed above, is “a person making sales of or furnishing lodging to a purchaser in the city.” § 53-170(8).
¶42 What, then, is “lodging,” for purposes of the ordinance? “Lodging” is defined as “rooms or accommodations for overnight use furnished by any person ... to any person who for consideration uses, possesses, occupies or has the right to use, possess or occupy any such room.” § 53-170(2). Using the ordinary meaning of “furnish,” as identified by the court of appeals, lodging must mean rooms provided or supplied to any person who for consideration uses or has the right to use such rooms. Nothing in the definition of “furnish” — or elsewhere in the ordinance — limits that tenn to the physical provision of a hotel room.
¶43 When a customer uses an OTC’s website to purchase a room, the OTC charges the customer’s credit card at the time of the *1140 booking and is the merchant of record for the transaction. The. customer receives a hotel confirmation number, but even this comes byway of the OTC, and the customer’s entire transactional relationship is with the OTC, not the hotel. Thus, the OTCs provide or supply rooms to customers who pay consideration to the OTCs in exchange for rooms or the right to use rooms, The OTCs are vendors furnishing lodging > within the plain meaning of the ordinance.
¶44 This is the only interpretation that harmonizes all parts of the ordinance and effectuates its stated intent. Characterizing the OTCs as mere intermediaries responsible solely for facilitating the booking of reservations would ignore that purchasers acquire rooms by providing consideration to the OTCs,, not to hotels. And it would render ineffective the ordinance provision governing the collection of the tax, which states: “Every vendor making sales to a purchaser ... at the time of making such sales is required to collect the tax imposed by [the ordinance] from the purchaser.” § 53473(a). In a merchant-model transaction, only the OTC, and not the hotel, collects payment from the purchaser.[2] Finally, exempting the OTCs from the definition of “vendor” would leave a portion of the price paid for lodging untaxed, thereby frustrating rather than effectuating the city council’s clear intent to tax that purchase.
¶45 For these reasons, under the plain language of , the ordinance, the OTCs are vendors and must collect and remit the prescribed tax on the entire purchase price of any lodging they sell. Because I believe the ordinance to be unambiguous in requiring this result, I do not see a need to resort to the use of interpretive aids. I therefore respectfully concur in the judgment only. .

. I am particularly concerned by and specifically - decline to join in the plurality's discussion of certain interpretive aids it characterizes as "policy preferences concerning the construction of statutes imposing burdens on property or liberty.” PL op. ¶ 16. The plurality weakens the force of these interpretive aids, referring to them as "rules of last resort” and claiming that “many commentators actually argue that these presumptions have been, or should be, discontinued altogether.” Id. at ¶ 17 & n.7. Because. I consider the ordinance unambiguous, I do not believe there is any need to reach the applicability of interpretive aids to construction, or to call their value into question.

. Because the OTC, and not the hotel, collects payment from tire purchaser, under the current state of affairs, the OTC also collects the lodging tax levied, on the underlying room rate charged by the hotel. See pi. op. ¶ 7 (usilig hypothetical to illustrate merchant-model transaction). The OTC later remits both the underlying room rate and the tax surcharge to the hotel. See id. In my view, this practice amounts to implicit acknowledgment by the OTCs that they are vendors, because they are the ones collecting the lodging tax from the purchasers át the time of sale, See § 53-l-73(a) (setting forth provisions governing collection of lodging tax). And, as Denver emphasized in its briefs, the OTCs repeatedly presented themselves as "providers” and "resellers" of lodging in SEC filings pre-dating this litigation, which further suggests that they perceive themselves, at least in a functional sense, as vendors.