GUIDRY, Judge.
On December 28, 1976, the Secretary of the Department of Revenue and Taxation for the State of Louisiana (Department) made an assessment against Dental Arts, Inc. for an occupational license tax allegedly due for taxable periods from 1973 through 1976 together with penalties and interest. An appeal was taken by Dental Arts to the Louisiana Board of Tax Appeals which vacated and set aside the assessment. The Department has taken this appeal from a judgment of the Fourteenth Judicial District Court for the Parish of Calcasieu affirming the decision of the Louisiana Board of Tax Appeals.
Dental Arts is engaged in the business of manufacturing dental plates and bridges in accordance with orders submitted by dentists. These dentures are made to the specifications required for each particular individual. The dentist pays Dental Arts a fee for the materials and labor involved and in turn charges the patient for the dentures. The patient is always charged more than the “manufactured price.” In order to obtain a proper fit, the dentist is sometimes required to “touch up” the finished product.
The Department’s assessment was made pursuant to LSA-R.S. 47:341 et seq. and specifically LSA-R.S. 47:353 which imposes an occupational license tax on every business that sells merchandise at the retail level.
Dental Arts contends that it is exempted from payment of the tax under the provisions of LSA-R.S. 47:396 E which reads:
“Manufacturers shall be exempted from any provisions of this chapter, provided that manufacturers who sell their manufactured articles at retail shall be subject to the payment of a license tax on such retail sales as fixed by this chapter.”
The Department takes the position that Dental Arts is engaged in making retail sales of its manufactured articles and thus may not avail itself of this exemption. Thus, the sole issue on this appeal is whether the transactions between Dental Arts and the various dentists constitute retail sales.
The term “retail sale” is not specifically defined by our occupational license tax statute. However, in American Creosote Works v. Collector Of Revenue, 101 So.2d 245 (La.App.Orl.1958), the court referred to other statutes dealing with the same subject matter and concluded:
“‘From these laws in pari materia we must formulate the definition that a “retail sale” is any sale by one regularly engaged in the business of selling to customers who buy for their consumption or use, and not for resale to others.’ ”
It is the Department’s contention that the various dentists do not purchase the *656 dental bridges and plates for resale but instead consume these articles in the completion of contracts for dental services with their patients. American Creosote Works v. Collector of Revenue, supra.
In the above cited case, it was held that a manufacturer of creosoted lumber and other timber products who sold these items in accordance with purchasers’ specifications to building and construction contractors was subject to an occupational license tax as a retail dealer. See also State v. J. Watts Kearny & Sons, 181 La. 554, 160 So. 77 (La.1935). We distinguish the cited cases as being factually inapposite. In the instant case, the dentists do not substantially alter these manufactured articles prior to their reaching the ultimate consumer, nor do they incorporate same into their own work product. The dentist is only required to expend minimal effort in fitting these dentures to the patient. We conclude that the dentists do not consume these products, but instead purchase them for the purpose of resale to their patients. Accordingly, we are of the opinion that the sales from Dental Arts to the various dentists do not fall within the definition of retail sales.
For the above and foregoing reasons, the judgment of the district court is affirmed at the Department’s costs.
AFFIRMED.