SARTAIN, Judge.
The Collector of Revenue, presently known as the Secretary of the Department of Revenue and Taxation (Collector), appeals from a judgment of the district court sustaining a decision of the Louisiana Board of Tax Appeals (Board) which vacated the assessment of an occupational license tax imposed on Codesco, Inc. (Codesco) for the years 1973-1976.
The tax was levied against Codesco under the provisions of R.S. 47:341 and 353, which provide, in pertinent part, as follows:
“§ 341. Imposition of tax
In addition to all other license and excise taxes imposed in other chapters of this Title or in other laws, there is hereby levied an annual license tax upon each person pursuing any trade, profession, vocation, calling or business in this state . . . ”
“§ 353. Retail dealers; restaurants; operators of coin vending and weighing machines
For every business of selling merchandise, ... at retail; . whether the business be conducted as principal, agent on commission or otherwise, the license shall be based on the gross sales . . . ”
The above statutes are to be considered in connection with the provisions of R.S. 47:396(E) which reads as follows:
“E. Manufacturers. Manufacturers shall be exempted from any provisions of this chapter, provided that manufacturers who sell their manufactured articles at retail shall be subject to the payment of a license tax on such retail sales as fixed by this chapter.”
The issue presented turns on the question of whether any portion of Codesco’s business involves sales at retail. The Board and the district judge found that none did and we agree.
According to the uncontradicated evidence presented to the Board, Codesco is a dental laboratory which manufactures dental plates, bridges, and other similar products. All of its work is done for dentists who provide the laboratory with precise measurements and specifications so that the devices they order will fit the needs of particular patients whom they have previously examined and measured. After Co-desco has filled an order and delivered its product to the dentist, the dentist places the device in the mouth of the patient and does what is necessary to secure it. The dentist does very little to alter the product before passing it on to the patient for whom it was designed. Usually all the dentist must do is cement the device in place after checking to see that the fit is proper. Any major modification is done by the laboratory.
There is no definition of “retail sale” in the occupational license tax statute. The Collector of Revenue urges us to follow the definition found at R.S. 47:301(10)[1] but this definition is found in the sales tax statute and its applicability is expressly limited to that chapter.
Our Civil Code on the subject of the interpretation of law states:
*579 “Art. 14. The words of a law are generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words.” “Art. 17. Laws in pari materia, or upon the same subject matter, must be construed with a reference to each other; what is clear in one statute may be called in aid to explain what is doubtful in another.”
The commonly accepted meaning of “retail” is the selling of commodities or goods in small quantities to ultimate consumers. See Webster’s Third World International Dictionary. The occupational license tax chapter defines “wholesale dealer” as “any person who sells to other dealers who in turn resell.” Since laws in pari materia are to be construed together, we might find some guidance from this definition, especially as it is used to distinguish wholesale dealers from retail dealers for purposes of the occupational license tax.
In the case of American Creosote Works, Inc. v. Collector of Revenue, 101 So.2d 245 (La.App.Or1.Cir.1958), writ denied April 21, 1958, the issue was the same as that with which we are now faced. That court, at p. 248, adopted the definition of “retail sale” formulated by the trial court: “any sale by one regularly engaged in the business of selling to customers who buy for their consumption or use, and not for resale to others.”
From the above definitions, it is clear that the classification of Codesco’s sales depends upon the character of the disposition of the dental device made by the dentist who buys it — is the purchasing dentist a consumer or does he buy as a dealer for reconveyance to his patients?
The Collector urges that our decision on this matter is dictated by State v. J. Watts Kearny & Sons, 181 La. 554, 160 So. 77 (1934) and' American Creosote Works, Inc. v. Collector of Revenue, supra, two cases holding that sales by suppliers of building materials to construction contractors are retail sales. In these cases the businesses involved construction material sold in large quantity to building contractors and government agencies. The issue before the courts was whether these sales were at retail within the meaning of the occupational license tax statute. The determination that these were retail sales was based on the finding that the purchasing building contractors were consumers of building materials rather than dealers.
“A contractor who buys building material is not one who buys and sells — a trader. He is not a ‘dealer,’ or one who habitually and constantly, as a business, deals in and sells any given commodity. He does not sell lime and cement and nails and lumber. His undertaking is to deliver to his obligee some work or edifice or structure, the construction of which requires the application of skill and labor to these materials so that, when he finishes his task, the materials purchased are no longer to be distinguished, but something different has been wrought from their use and union. The contractor has not resold but has consumed the materials. Sales to contractors are sales to consumers, * * State v. J. Watts Kearny & Sons, supra at 78-9.
Also see State v. Owin, 191 La. 617, 186 So. 46 (1938).
We distinguish the above cases on their facts. Unlike building contractors, dentists who purchase Codesco’s products do not significantly modify the devices before passing them on to their patients. The dentist in no way consumes the dental plate or bridge before conveying it. He simply installs it with a little cement or wire. While it might seem strange to think of a dentist as a dealer in dental devices, one should remember that the public can secure such products only through dentists.
Accordingly, for the above reasons, the judgment of the district court is affirmed. All such costs as are permitted by law are assessed against the appellant — the Department of Revenue and Taxation.
AFFIRMED.

. “§ 301. Definitions
As used in this Chapter the following words, terms, and phrases have the meaning ascribed to them in this Section, except where the context clearly indicates a different meaning: * * *
(10) ‘Retail sale,’ or ‘sale at retail,’ means a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property . . ” (Emphasis ours)