408 So.2d 956 (1981)
The CITY OF SHREVEPORT and Caddo Parish School Board, Plaintiffs-Appellees,
v.
Lester KLEOWDIS d/b/a Dental Arts Laboratory, et al., Defendants-Appellants-Appellees.
No. 14722.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1981.
Taylor W. O'Hearn, Shreveport, for defendants-appellants, Lester Kleowdis d/b/a Dental Arts Laboratory and Ken Griggs d/b/a Precision Dental Ceramics.
Mayer, Smith & Roberts by George T. Allen, Jr., Shreveport, for plaintiffs-appellees, The City of Shreveport and Caddo Parish School Board.
Wilson, Blanche, Wilson & Posner by Robert L. Roland, Baton Rouge, for defendants-appellees, Drs. James F. Batte, Joseph M. Lattier, Jr., William M. Hall, Jr. and Morris D. White.
Before PRICE, HALL and JASPER E. JONES, JJ.
HALL, Judge.
The City of Shreveport and the Caddo Parish School Board brought this suit against two dental laboratories and several dentists seeking a declaratory judgment declaring that sales of dental prosthetic devices by dental laboratories to dentists are subject to sales tax under identical ordinances adopted by the respective plaintiffs or, alternatively, that sales of such devices by dentists to their patients are subject to the sales tax. Each group of defendants denied that the transactions in which they are engaged are taxable sales at retail under the provisions of the sales tax ordinances. After trial the district court in well-reasoned and articulated written reasons for judgment held that the sales by the dental laboratories to the dentists are sales at retail and subject to sales tax under the *957 ordinances and that the charges made by the dentists to the patients are for professional services and are not subject to taxation under the ordinances. From a judgment rendered accordingly, the dental laboratories appealed. We affirm.
On appeal the dental laboratories argue essentially that they are manufacturers and that the sales made by them to dentists are not sales at retail because the dentists are not the ultimate consumers of the product and because the dentists further process the products for retail sale to their patients who are the ultimate consumers. In support of the decision of the district court the dentists contend that the charges made by them are for professional services rendered and that they do not engage in the sale of tangible personal property. The plaintiffs urge that the sales by the dental laboratories to the dentists are taxable retail sales because the sales are made to consumers or to persons for a purpose other than for resale in the form of tangible personal property and are not sales of materials for further processing into articles of tangible personal property for sale at retail by the dentists.
As pertinent to this case the sales and use tax ordinances levy a tax upon the sale at retail of tangible personal property within the parish. The ordinances provide that the tax shall be collected by the dealer from the purchaser or consumer. Both ordinances contain the following pertinent definition:
"Section 1.15. `Retail Sale' or `Sale at Retail' shall mean a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property, and a sale of services, as hereinafter set forth, and shall mean and include all such transactions as the Administrator, upon investigation finds to be in lieu of sale; provided, that sales for resale must be made in strict compliance with the rules and regulations issued by the said Administrator. Any dealer making a sale for resale, which is not in strict compliance with the rules and regulations, shall himself be liable for and pay the tax.
"The term `Sale at Retail' does not include sales of materials for further processing into articles of tangible personal property for sale at retail, nor does it include an isolated or occasional sale of tangible personal property by a person not engaged in such business shall be considered and treated as a retail sale or sale at retail. (Emphasis supplied)"
Professional services rendered by a dentist are not included within the definition of sales of services under the ordinances.
The evidence discloses that prosthetic devices are ordered by the dentists from the dental laboratories by prescription to meet the specific needs of a particular patient. The device is fabricated by the dental laboratory and delivered to the dentist. The laboratory bills the dentist, itemizing the charge for material and the charge for labor, and including the sales tax. Historically, since the enactment of the ordinances in 1967, the laboratories have collected sales tax on the transactions from the dentists. In fitting their patients with the devices the dentists frequently make minor adjustments. The dentists charge their patients for professional services rendered without a separate charge or itemization for the prosthetic device.
The issue in this case is whether a sale at retail occurs in either of the types of transactions involved here, that is, between the laboratory and the dentist or between the dentist and the patient.
Under the definitions contained in Section 1.15 of the ordinances there is clearly a sale from the dental laboratory to the dentist and the sale is taxable unless it is a sale for the purpose of resale in the form of tangible personal property or for further processing into articles of tangible personal property for sale at retail. The sale by the dental laboratory to the dentist is taxable unless it can be said that the dentist resells the tangible personal property to the patient.
The dentist does not resell the dental prosthetic device as an item of tangible personal property to his patient. The device is provided in connection with and as a *958 part of the rendition of professional dental services. The bill which the dentist submits to his patient shows a charge for professional services on each item of work that he does, e.g., so much for a crown or so much for a partial bridge. There is no itemization of charges for the actual cost of the dental prosthetic device separate from the charge for the entire professional services involved. The dentist does not, therefore, resell the item of tangible personal property. The dental laboratory does not sell the prosthetic device to the dentist for resale but sells it to him for his use in connection with the rendering of professional services. The dentist no more makes a sale of the prosthetic device to the patient than does a doctor who, in connection with rendering professional services, provides a patient with an orthopedic pin, a metal plate or other implanted medical device. Under the terms of the ordinances, the sale of the prosthetic device by the dental laboratory to the dentist is a sale at retail and is a taxable transaction.
In support of their position the dental laboratories rely on two cases: Codesco, Inc. v. Collector of Revenue, 365 So.2d 577 (La.App. 1st Cir. 1978) and Dental Arts, Inc. v. Collector of Revenue, 360 So.2d 654 (La. App. 3d Cir. 1978). In both of these cases the court held that dental laboratories are not subject to the state occupational license tax because they are not manufacturers who sell their manufactured articles at retail. The holdings of those cases are not applicable here because "sale at retail" or "retail sale" is not specifically and expressly defined in the occupational license tax law as it is in the sales tax ordinances involved here.
The decision in this case is further supported by the doctrine of contemporaneous construction. The unchanged interpretation of a law by the agency charged with administering it, particularly where that interpretation is accepted by the persons most affected by it for many years, is given substantial and often decisive weight in determining the meaning of the law. Traigle v. P.P.G. Industries, Inc., 332 So.2d 777 (La. 1976). As previously mentioned the dental laboratories have collected and remitted sales tax on their sales to dentists since the ordinances were enacted in 1967. Under the state sales tax law the dental laboratories collected and remitted the tax on the same basis until the sale of prosthetic devices was specifically exempted from the state sales tax law in 1973. The local ordinances were not amended to include such an exemption. The consistent interpretation of the sales tax ordinances by all parties involved over a period of years is eminently correct and supports the judgment rendered in this case.
The judgment of the district court is affirmed at appellants' costs.
Affirmed.