708 So.2d 820 (1998)
James P. STOTTS, Jr., Plaintiff-Appellant,
v.
CITY OF LAFAYETTE, Defendant-Appellee.
No. 97-1251.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1998.
James P. Stotts, Jr., pro se.
Samuel Robert Aucoin, Lafayette, for City of Lafayette.
*821 Edward O. Taulbee, IV, Lafayette, for Edward Taulbee, IV, & Escott.
Before DECUIR, AMY and PICKETT, JJ.
DECUIR, Judge.
James P. Stotts, Jr. filed suit against his employer, Lafayette City-Parish Consolidated Government (hereinafter referred to as the City of Lafayette), for injuries allegedly sustained as a result of exposure to toxic industrial paint. He contends that defendant's "intentional" refusal to approve and pay for medical treatment entitles him to sue his employer in tort. The defendant filed a peremptory exception of no cause of action on the grounds that plaintiff's exclusive remedy lies under the Workers' Compensation Act. The trial court granted the exception, dismissing plaintiff's claim with prejudice. Plaintiff appeals. We affirm.
Stotts was employed by the City of Lafayette as an electric plant shift foreman at a power plant in Lafayette. During the Fall of 1990, the City of Lafayette contracted with a company to spray paint a boiler at the power plant with what plaintiff alleges was a toxic industrial paint. Plaintiff alleges that he sustained injuries as a result of exposure to the paint particles, fumes and other chemical toxins in the paint. According to plaintiff's petition, he initiated a workers' compensation claim with the Office of Workers' Compensation on December 4, 1992. Thereafter, Stotts and the City of Lafayette entered into a compromise wherein the City agreed to pay past due compensation benefits, all medical expenses incurred to the date of the compromise, as well as penalties and attorney's fees. Plaintiff's petition also alleges that the defendant also agreed to pay future medical expenses which were casually related to the work-related injury for the duration of plaintiff's disability. Despite the defendant's alleged agreement to pay future medical, plaintiff alleges that the City of Lafayette has refused to approve any recommended medical treatment and has refused to pay medical expenses associated with treatment for his work-related injury.
According to plaintiff's petition, he instituted a second compensation claim as a result of the defendant's continued denial of medical benefits. There is no indication in the record of the disposition of this claim. At any rate, plaintiff contends in his petition that the City of Lafayette "intentionally" denied medical benefits relating to his employment injury despite defendant's knowledge of the serious nature of his condition and with knowledge that it was substantially certain that his condition would worsen without treatment. Predictably, plaintiff contends that as a result of the defendant's "intentional" refusal to pay medical benefits, his condition has worsened "and, in some respects, has become permanent."
Plaintiff argues that he is entitled to sue his employer in tort relying on the Louisiana Supreme Court case of Weber v. State, 93-0062 (La.4/11/94); 635 So.2d 188. Defendant argues that by granting a tort remedy to an employee who died as a result of the arbitrary and capricious management of a workers' compensation claim, our supreme court in Weber undercut the "great compromise" that has existed since 1914, when our legislature passed the first workers' compensation law. Prior to Weber, an employee's exclusive remedy for the employer's arbitrary and capricious refusal to pay benefits or medical expenses is provided for in La.R.S. 23:1201(E) and 23:1201.2.
The holding of Weber is that an employer's alleged conduct in intentionally and arbitrarily denying necessary medical expenses, if proved, may result in liability for damages beyond the remedies provided in the Workers' Compensation Act, when the conduct and resulting injury does not occur in the course of employment and only marginally arises out of the employment, and when the employer knew to a substantial certainty that denial would cause death that would not otherwise have occurred. The court went on to state:
This is a narrow exception to the general rule that penalties and attorney's fees are the exclusive remedy for the employer's misconduct in handling the administration of compensation claims. The exception applies only when there is intentional conduct *822 and when the employer acts arbitrarily despite knowledge that death is substantially certain to follow.
Id. at 194. (Emphasis added).
Thus, the holding of Weber is limited to the facts of that case. Note Justice Marcus' concurrence:
I agree [sic] the majority's holding that in this limited situation where an employee dies prior to seeking a judicial determination that his employer was arbitrary and capricious in failing to pay medical expenses, the employee's survivors have a cause of action against the employer in tort. Under these circumstances, the employer should not profit from the fact that the employee's death has eliminated the need for medical expenses. However, in those situations where the employee does not die, I would find that his exclusive remedy for the arbitrary refusal by the employer to pay benefits is penalties and attorney's fees under La.R.S. 23:2101 E and La. R.S. 23:1201.2. I would not allow an employee who has a remedy under these provisions to file a tort suit, since such a suit would clearly run counter to the exclusive remedy provision of La.R.S. 23:1032.
Id. at 194.
Accordingly, we conclude that Weber applies only in death cases involving the narrowly defined factual circumstances of that case and does not apply to other cases, including this case. We note that the court in Weber was faced with the situation that the medical benefits claim upon which penalties and attorney's fees could be imposed arguably became moot after the employee's death and the survivors' death benefits claim under the Workers' Compensation Act arguably had prescribed.
We find that the holding in Weber is very limited and does not extend to the case sub judice. We refuse to upset the balance struck by the legislative compromise governing the rights of employees and employers in employment-related accidents. La.R.S. 23:1201 E and La.R.S. 23:1201.2 are part of that compromise. To rule otherwise, would open the floodgates to suits in tort for an employer's arbitrary and capricious failure to pay compensation benefits and medical benefits, effectively eliminating the penalties and attorney's fees provision of the Workers' Compensation Act. The result of such a ruling would also be piecemeal litigation of an employee's claim for compensation and medical benefits with the Office of Workers' Compensation and his claim for refusal to pay benefits in district court.
The judgment of the trial court is affirmed. Costs of appeal are assessed to plaintiffappellant.
AFFIRMED.
PICKETT, J., dissents.