774 So.2d 1035 (2000)
Adam BATISTE, Sr., husband of/and Mary Alita Batiste
v.
Dr. Fred WEBRE, Crawford and Company (Traveler's Workers' Compensation Unit) and The MWS Drilling and Production Company.
No. 00-323.
Court of Appeal of Louisiana, Third Circuit.
November 22, 2000.
Rehearing Denied December 28, 2000.
*1036 David C. LaBorde, Lafayette, LA, W. Thomas Angers, Lafayette, LA, Counsel for Plaintiff/Appellant/Appellee.
Charles J. Boudreaux, Jr., Pugh, Boudreaux & Shelton, Lafayette, LA, Counsel for Fred C. Webre.
Richard B. Eason, II, Adams & Reese, New Orleans, LA, Counsel for Crawford and CompanyDefendant/Appellee/Appellant.
Dennis Stevens, Gibbens, Blackwell & Stevens, New Iberia, LA, Counsel for MWS Drilling and Production, Inc., Travelers Ins. Co., and Crawford and Co.
Patrick A. Juneau, The Juneau Firm, Lafayette, LA, Counsel for Travelers Insurance Co.
Kenneth P. Mayers, Lafayette, LA, Counsel for MWS Drilling and Production, Inc.
Jason B. Rochon, Jason B. Rochon & Associates, Lafayette, LA, Joseph R. Joy, *1037 III, Joseph Joy & Associates, Lafayette, LA, Maury A. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA, Intervenors.
(Court composed of HENRY L. YELVERTON, SYLVIA R. COOKS, OSWALD A. DECUIR, MARC T. AMY, and MICHAEL G. SULLIVAN, Judges.)
SULLIVAN, Judge.
Adam Batiste and his wife, Mary Alita Batiste, appeal a judgment of the trial court granting summary judgment in favor of Mr. Batiste's employer, MWS Drilling & Production Services, Inc., an exception of failure to state a claim upon which relief can be granted in favor of MWS's workers' compensation insurer, Travelers Insurance Company, and partial summary judgment in favor of Travelers' claims administrator, Crawford and Company. Crawford appeals the trial court's failure to grant summary judgment on all claims urged by the Batistes. For the following reasons, we affirm in part and reverse in part the judgment of the trial court.

Facts
Adam Batiste was injured on July 8, 1992, while in the course and scope of his employment with MWS. He was initially seen by Dr. Patrick Sonnier, MWS's company doctor, who referred him to Dr. Fred Webre, an orthopedic surgeon, for evaluation. Dr. Webre, also MWS's company doctor, released Mr. Batiste to light duty and informed him to see a doctor of his choice if his complaints continued. On August 24, 1992, Mr. Batiste saw Dr. John Cobb, another orthopedic surgeon. On that date, Dr. Cobb recommended diagnostic testing, an MRI. Crawford refused to approve the requested testing until it received a written report from Dr. Cobb. A written report was received on September 28, 1992. On or about October 2, 1992, Crawford notified Dr. Cobb's office that the MRI was approved. On October 14, 1992, Dr. Cobb's office notified Crawford that the doctor wanted to perform surgery on Mr. Batiste because of a compression of the spinal cord at C4-5 and C5-6. Crawford claims that it notified Dr. Cobb's office on October 15 that the surgery was approved. The Batistes dispute this.
On October 16, 1992, Mr. Batiste collapsed at his home. Surgery was performed on October 21, 1992. As a result of the compression of the spinal cord, Mr. Batiste suffered quadriparesis. The record indicates that the quadriparesis was not complete, as he regained feeling in his lower extremities.
On July 7, 1993, Mr. Batiste filed suit in district court against MWS, Travelers, and Crawford in tort, alleging that the "intentional, arbitrary and capricious conduct of defendants in delaying Mr. Batiste's treatments, evaluation and testing resulted in a significant second injury placing Mr. Batiste's life in peril and further substantially lessening his life expectancy" when "they knew or were substantially certain that their conduct, specifically denying necessary medical treatment ... would result in the above referenced consequences." MWS and Crawford filed motions for summary judgment; Travelers filed an exception of no cause of action. All three defendants urged that workers' compensation is Mr. Batiste's exclusive remedy against them. MWS's motion for summary judgment was granted by the trial court, and all claims against it were dismissed. Travelers' exception was granted by the trial court, and all claims against it were dismissed. Crawford was granted partial summary judgment; the Batistes' claims for alleged arbitrary and capricious actions /inactions in approving medical treatment were dismissed on the basis that they failed to state a claim on which relief could be granted; however, their claims against it for alleged intentional acts committed by it in the handling of his claim were not dismissed.

Summary Judgment
Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts in determining *1038 whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). La.Code Civ.P. art. 966 declares, in part, that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends." A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. The mover has the burden of proof to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment appropriate. La.Code Civ.P. art. 966; Hollander v. Days Inn Motel, 97-805 (La.App. 3 Cir. 12/10/97); 705 So.2d 1126, writ denied, 98-746 (La.5/1/98); 718 So.2d 417 (citing Washington v. State, Dep't of Transp. & Dev., 95-14 (La.App. 3 Cir. 7/5/95); 663 So.2d 47, writ denied, 95-2012 (La.11/13/95); 664 So.2d 405).

Exception of No Cause of Action
The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. It questions whether the law provides a remedy to the plaintiff against the defendant for the complaints set forth in the petition. "All well-pleaded allegations of fact must be accepted as true when considering an exception of no cause of action. The exception of no cause of action must be decided upon the face of the petition and any attached documents." Hoskin v. Plaquemines Parish Gov't, 98-1825, p. 9 (La.App. 4 Cir. 8/4/99); 743 So.2d 736, 742 (citation omitted). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.P. art. 931.

Discussion
Mr. Batiste argues that his physical condition deteriorated significantly due to Crawford's intentional and arbitrary refusal to guarantee payment for necessary medical services; therefore, workers' compensation is not his exclusive remedy against Defendants. In Weber v. State of Louisiana, 93-62 (La.4/11/94); 635 So.2d 188, the Louisiana Supreme Court created an exception to the general rule that an employee's sole remedy against his employer for injuries sustained in a work-related accident is workers' compensation benefits. In Weber, the State refused to approve a heart transplant for its employee, Charles Weber, Sr., knowing that without a transplant it was substantially certain that he would die. After Mr. Weber's death, his survivors sued the State in tort. The State filed a peremptory exception of no cause of action, asserting that workers' compensation was the exclusive remedy available to his survivors. The supreme court determined that Mr. Weber's situation was not contemplated by the legislature and that it was an exception to the general rule that an injured employee's exclusive remedy against his employer is workers' compensation, stating:
We therefore conclude that the Legislature did not intend that the exclusive remedy of penalties and attorney's fees for an employer's intentional and arbitrary refusal to provide medical treatment to a compensation victim would encompass the situation where the employer knew to a substantial certainty that the refusal would cause death that would not otherwise have occurred.
Id. at 193. The exception is "narrow" and applies "only when there is intentional conduct and when the employer acts arbitrarily despite knowledge that death is substantially certain to follow." Id. at 194. The court reserved for "another day the decision on whether the exception would apply if the employer arbitrarily denies payment of necessary medical expenses *1039 despite knowledge that a significant worsening of the employee's condition is substantially certain to follow the denial." Id. at 194, n. 9.
This court has considered the exception in cases where, as here, the plaintiff claimed to have suffered a worsening of a medical condition, but not death, as a result of an intentional and arbitrary and capricious refusal of his employer, insurer, or claims administrator to pay medical expenses. See Broussard v. F.A. Richard & Assocs., Inc., 99-10 (La.App. 3 Cir. 5/5/99); 740 So.2d 156 (medical report recommending surgery was withheld from claimant; claimant committed suicide); Foster v. F.A. Richard & Assocs., Inc., 98-1621 (La. App. 3 Cir. 4/7/99); 732 So.2d 714, writ denied, 99-1357 (La.6/25/99); 746 So.2d 605 (surgery to relieve disabling neurological condition in the claimant's hand, wrist, and arm was unsuccessful due to delay in approval for surgery); and Stotts v. City of Lafayette, 97-1251 (La.App. 3 Cir. 3/6/98); 708 So.2d 820 (worsening of claimant's condition allegedly caused by employer's intentional denial of medical benefits). In these cases, we determined that under the facts therein the plaintiffs' claims did not fall within the exception of Weber.
The Second Circuit Court of Appeal expanded the exception created in Weber to include a situation where the claimant did not die but suffered a "significant and irreversible worsening of his physical or mental health" due to his "employer's arbitrary and capricious withholding medical benefits." The court's determination included consideration of the fact that claimant's loss of the chance for a "less painful, more useful life" was not redressable under workers' compensation. See Stevens v. Wal-Mart Stores, Inc., 29,124, p. 7 (La. App. 2 Cir. 1/24/97); 688 So.2d 668, 673, writ denied, 97-671 (La.5/9/97); 693 So.2d 768. This court has chosen not to follow the second circuit on this issue. See Foster, 732 So.2d 714.
In Kelly v. CNA Insurance Co., 98-454 (La.3/12/99); 729 So.2d 1033, the supreme court considered whether the exception created in Weber extends to a non-death case and determined that workers' compensation was the plaintiffs exclusive remedy because her medical condition, carpal tunnel syndrome, was "not life threatening." Writs were granted in Kelly for the court to consider "whether an employee can ever, under any circumstances, state a cause of action in tort against his or her employer whose intentional and arbitrary denial of medical benefits causes the employee's disabling condition to undergo foreseeable disastrous worsening to a level something less than death." Id. at 1039 (Lemmon, J., concurring). See also, dissent of Chief Justice Calogero. Kelly, 729 So.2d 1033. However, the majority did not consider the broad issue presented by the writ. Instead, it determined the case on the particular facts presented therein and upheld the second circuit's determination that the plaintiffs claim did not fall within the Weber exception. Further, the supreme court reversed the second circuit's remand of the matter to allow the plaintiff to amend her petition to state a cause of action, concluding that she would be unable to do so under the facts.
In determining that plaintiffs exclusive remedy was workers' compensation, the supreme court stated: "[t]he employer's arbitrary denial or delay of medical treatment would not result in death or a significant worsening of the employee's condition." Id. at 1038-39. The Batistes argue that this statement indicates the supreme court's intent to apply the exclusion created in Weber to non-death cases. We do not agree. First, the supreme court did not address this issue when it had the opportunity to do so. Second, the supreme court reiterated the exclusivity of an employee's rights and remedies under the workers' compensation law. Third, the court pointed out that the Weber exception was created, in part, because the claimant died "before he could seek judicial intervention for the defendant's refusal to pay for his medical treatment." Id. at 1039. *1040 In both Weber and Kelly, the supreme court noted that "OWC's new procedural structure adequately provides for immediate recourse for an employer's refusal to pay medical benefits." Id. In denying her claim, the court specifically noted that Ms. Kelly was able to seek judicial intervention through the Office of Workers' Compensation.
Thereafter, the supreme court remanded Chase v. Louisiana Riverboat Gaming Partnership, 31,610 (La.App. 2 Cir. 9/22/99); 747 So.2d 115, to the second circuit for reconsideration in light of its decision in Kelly. Originally, the second circuit upheld the trial court's denial of the defendant employer's exception of no cause of action and motion for summary judgment. On remand, the second circuit determined that the plaintiff did not have a cause of action in tort against his employer when his employer's refusal to authorize necessary medical treatment caused him non-fatal harm. In doing so, the court pointed out that the supreme court has not made a "clear pronouncement on this issue," explaining that "[t]he majority opinion [in Kelly ] suggests-without explicitly so stating-that perhaps such a cause of action may be available if the worsening is severe or significant enough." Id. at 119.
We agree with the second circuit that Weber and Kelly are merely "suggestions" of what the supreme court's position on this issue is. Without more, we will not extend the narrow exception of Weber. Unfortunately, Mr. Batiste suffered a severe worsening of his condition as a result of not having surgery performed sooner. However, we conclude that his sole remedy against Defendants is provided by the Louisiana Workers' Compensation Act.

Conclusion
For the foregoing reasons, judgment in favor of MWS Drilling & Production Services, Inc. and Travelers Insurance Company, dismissing the Batistes' claims against them, is affirmed, and summary judgment is awarded in favor of Crawford and Company on all claims asserted against it by the Batistes. Costs are assessed to the Batistes.
AFFIRMED IN PART AND REVERSED IN PART.
YELVERTON, J., dissents and assigns written reasons.
COOKS, J., dissents for the reasons assigned by YELVERTON, J.
YELVERTON, J., dissenting.
I dissent. My opinion is that the Batistes have stated a cause of action, and the summary judgment in favor of Crawford was inappropriate.