J^DOUCET, Chief Judge.
Allen Babineaux, acting as curator for Randall D. Marks, an interdict, and on behalf of Marks’ two minor children, appeals the judgment of the trial court sustaining exceptions of no cause of action and res judicata in favor of the Defendant, Lumbermen’s Mutual Casualty Company (Lumbermen’s).
The original petition alleges that Marks sustained brain injuries in the course and scope of his employment for 84 Lumber Company and that, as a result, he is subject to syncopal episodes. It is alleged that he experiences up to twenty episodes each day which cause him to black out and fall uncontrollably to the ground causing further injury. As a result, one of Marks’ treating physicians, Dr. Richard Staub, recommended that he be admitted to an inpatient, medical facility for treatment to curtail or control the syncopal episodes. Lumbermen’s, worker’s compensation insurer for 84 Lumber, has refused to authorize the treatment.
The Plaintiff brought this tort claim aghinst Lumbermen’s alleging that Marks is being damaged by its arbitrary and capricious failure to authorize necessary medical treatment. The Defendant filed exceptions of no cause of action and res judicata which were sustained by the trial court. The court rendered judgment dismissing the Plaintiffs suit. The Plaintiff appeals.
NO CAUSE OF ACTION
The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the *574 petition. It questions whether the law provides a remedy to the plaintiff against the defendant for the complaints set forth in the petition. “All well-pleaded allegations of fact must be accepted as true when considering an exception of no cause of action. The exception of no cause of action must be decided upon the face of the petition and any attached documents.” Hoskin v. Plaquemines Parish Gov’t, 98-1825, p. 9 (La.App. 4 Cir. 8/4/99); 743 So.2d 736, 742 (citation omitted). No evidence may be introduced to |ssupport or controvert the objection that the petition fails to state a cause of action. La.Code Civ.P. art. 931.
Batiste v. Webre, 00-323, p. 3 (La.App. 3 Cir. 11/22/00); 774 So.2d 1035, 1038.
The Plaintiff argues that Marks’ condition has deteriorated due to Crawford’s intentional and arbitrary refusal to guarantee payment for the medical services necessary to treat his syncopal episodes. Therefore, he argues that workers’ compensation is not Marks’ exclusive remedy.
This court considered a similar argument in Batiste, 00-323 at p. 4; 774 So.2d at 1038-39.
In Weber v. State of Louisiana, 93-62 (La.4/11/94); 635 So.2d 188, the Louisiana Supreme Court created an exception to the general rule that an employee’s sole remedy against his employer for injuries sustained in a work-related accident is workers’ compensation benefits. In Weber, the State refused to approve a heart transplant for its employee, Charles Weber, Sr., knowing that without a transplant it was substantially certain that he would die. After Mr. Weber’s death, his survivors sued the State in tort. The State filed a peremptory exception of no cause of action, asserting that workers’ compensation was the exclusive remedy available to his survivors. The supreme court determined that Mr. Weber’s situation was not contemplated by the legislature and that it was an exception to the general rule that an injured employee’s exclusive remedy against his employer is workers’ compensation, stating:
We therefore conclude that the Legislature did not intend that the exclusive remedy of penalties and attorney’s fees for an employer’s intentional and arbitrary refusal to provide medical treatment to a compensation victim would encompass the situation where the employer knew to a substantial certainty that the refusal would cause death that would not otherwise have occurred.
Id. at 193. The exception is “narrow” and applies “only when there is intentional conduct and when the employer acts arbitrarily despite knowledge that death is substantially certain to follow.” Id. at 194. The court reserved for “another day the decision on whether the exception would apply if the employer arbitrarily denies payment of necessary medical expenses despite knowledge that a significant worsening of the employee’s condition is substantially certain to follow the denial.” Id. at 194, n. 9.
|/The Plaintiff argues that we should follow the reasoning of the Second Circuit in Stevens v. Wal-Mart Stores, Inc., 29,124 (La.App. 2 Cir. 1/24/97); 688 So.2d 668, writ denied, 97-671 (La.5/9/97); 693 So.2d 768. The court in that case “expanded the exception created in Weber to include a situation where the claimant did not die but suffered a ‘significant and irreversible worsening of his physical or mental health’ due to his ‘employer’s arbitrary and capricious withholding medical benefits.” Batiste, 00-323 at p. 5; 774 So.2d at 1039. In Batiste, 00-323 at p. 7-8; 774 So.2d at *575 1040, we declined to follow the Second Circuit stating: “We agree with the second circuit that Weber and Kelly are merely ‘suggestions’ of the supreme court’s position on this issue. Without more, we will not extend the narrow exception of Weber." As this court stated in Batiste 00-323 at p. 6; 774 So.2d at 1039, the supreme court, in Kelly v. CNA Insurance Co., 98-454 (La.3/12/99); 729 So.2d 1033, did not consider “ ‘whether an employee can ever, under any circumstances, state a cause of action in tort against his or her employer whose intentional and arbitrary denial of medical benefits causes the employee’s disabling condition to undergo foreseeable disastrous worsening to a level something less than death.’ ... Instead, it determined the case on the particular facts presented therein and upheld the second circuit’s determination that the plaintiffs claim did not fall within the Weber exception.”
In keeping with our decision in Batiste, “we conclude that his sole remedy against Defendants is provided by the Louisiana Workers’ Compensation Act.” Id. at p. 8; 774 So.2d at 1040. Having so found, we need not consider whether the trial court correctly granted the exception of res judi-cata.
For these reasons, the judgment is affirmed. Costs of this appeal are assessed to the Plaintiff/Appellant.
AFFIRMED.
THIBODEAUX, J., dissents and assigns written reasons.