1,DECUIR, Judge.
Owen Healthcare, Inc. filed this suit for reimbursement against John C. Blank, Jr., the tax collector of the Jefferson Davis Parish School Board, after paying under protest a sales tax assessment for the period between January 1, 1995 and May 31, 1998 in the amount of $94,907.81. Owen contends the assessment was based not only on the sale of tangible personal property, which is taxable, but also on services provided which are not subject to the School Board’s tax. The trial court found that Owen’s services were only incidental to its sale of pharmaceutical drugs and were, therefore, taxable. Summary judgment on this issue was granted in favor of Blank, and Owen appealed. For the reasons which follow, we reverse.
By contract with the Jennings American Legion Hospital, Owen agreed to staff, supply, and operate the hospital pharmacy. Owen also agreed to provide pharmaceutical related services to patients and employees of the hospital, including advising on and updating the hospital’s drug formu-lary, directing continuing education in the field of pharmacy, performing purchasing and accounts payable functions associated with drug items, preparing patient profiles and reviewing drug therapies for interactions and incompatibilities, and working with the hospital to control pharmacy costs. The director of the pharmacy was available to serve on various hospital and medical staff committees. For instance, the director chairs the Nutrition and Drug Use Committee, which deals with food-drug and drug-drug interactions, is a member of the hospital’s leadership team, and assists the hospital in meeting accreditation requirements.
The contract between the hospital and Owen specified that Owen would be compensated for its services and for pharmaceutical products based on a monthly “pre-agreed cost” calculation. This calculation was based on the number of patients discharged by the hospital each month and also reflects the amount of outpatient | ^pharmacy revenues; it was not based on the amount or value of drugs used in a month. When the contract was drafted in 1995, it specified a pre-agreed cost of $186.12 per discharged patient. Owen also collected separately from the hospital the value of certain unusual or high-priced items, non-patient chargeable items, prescription drug sales to hospital employees, and taxes. The contract specified that Owen’s bill to the hospital was to be comprised of two parts:
a charge for drugs dispensed (“Drug Charge”) and a fee for pharmacy management services (“Management Services Fee”). The Drug Charge will be *1151 equal to 65% of the Pre-Agreed Cost. The Management Services Fee will be equivalent to 35% of the Pre-Agreed Cost.
Owen’s bill to the hospital also included a charge for sales taxes to be paid to the Jefferson Davis Parish School Board based on the 65% “Drug Charge” listed in each monthly statement. In 1998, the School Board issued an assessment to Owen for past due taxes, plus penalties and interest, totaling $94,907.81.
The crux of the dispute in this case is whether the myriad services provided to the hospital by Owen Healthcare are taxable. The Jefferson Davis Parish School Board Sales and Use Tax Ordinance provides that services which are a part of the sale of tangible personal property comprise part of the “sales price” and are, therefore, taxable. Jurisprudence interpreting similar provisions have held that those services are taxable if they are merely incidental to the sale of tangible property. If, however, the services are separate and distinct from the sale of tangibles, then the services are not taxable. Lake Charles Mem’l Hosp. v. Parish of Calcasieu, 98-519 (La.App. 3 Cir. 12/9/98), 728 So.2d 454, writ denied, 99-0071 (La.3/12/99), 739 So.2d 213. See also 68 Am.Jur.2d Sales & Use Tax § 63.
Louisiana statutory law defines the practice of pharmacy as a profession. La. R.S. 37:1162. Ordinarily, professional services are not taxable. City of Shreveport v. Kleowdis, 408 So.2d 956 (La.App. 2 Cir. 1981). As a practical matter, hit is difficult to correlate, for instance, a pharmacist’s professional advice on a new drug to a hospital committee and the first sale of that drug to a patient six months later. Does the law allow for such an anticipatory taxing mechanism?
The School Board makes much of the fact that it was Owen Healthcare attempting, albeit unsuccessfully, to limit its tax liability in the Lake Charles Memorial case mentioned above. To the contrary, it is our observation that it is the hospital, both in this case and in the previous case, trying desperately to control ever-escalating pharmaceutical costs. The local tax assessment on pharmaceutical sales is a significant portion of the pharmacy’s cost, for which the hospital is ultimately liable, and which the patients ultimately pay. The evidence in the record shows that the hospital attempted to control those costs by separating out pharmaceutical services which it thought to be not subject to a sales tax.
The burden of proof lies with the mover for summary judgment and requires a showing that no genuine issue of material fact exists; only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. La.Code Civ.P. art. 966; Batiste v. Webre, 00-323 (La.App. 3 Cir. 11/22/00), 774 So.2d 1035, writ denied, 01-296 (La.3/30/01), 788 So.2d 1192. In this case, the School Board is entitled to summary judgment only if it can show that there is no issue of fact concerning the price paid by the hospital for the tangible personal property sold by Owen.
Our review of the contract, the evidence, and relevant jurisprudence leads to the conclusion that a determination of whether all of Owen’s services are taxable as merely incidental to the sale of drugs is a factual question that should not be resolved via summary judgment. Without resolution of the factual dispute over drug prices versus the separate value, if any, of Owen’s pharmacy services to the hospital, LOwen’s tax liability cannot be calculated. The tax collector for the School Board, as the party moving for summary judgment, has not shown that he is entitled to judgment as a matter of law. Accordingly, we *1152 reverse summary judgment and remand for further proceedings.
Additionally, we find no merit to Owen’s constitutional argument wherein it contends that the local tax at issue violates the Louisiana Constitution because it is not uniform with state sales tax exemptions on pharmaceutical drugs. Louisiana Revised Statute 47:305(D) specifically declares that the drug exemption applies only to the state and does not prohibit local taxing authorities from taxing pharmaceuticals.
Finally, our reversal of summary judgment renders moot Owen’s contention that the trial court erred in awarding penalties and interest in excess of 15% of the delinquent tax owed.
For the foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded for further proceedings. Costs of the appeal are to be assessed upon final resolution of this matter.
REVERSED AND REMANDED.