MORGAN, DAVID C., Associate Judge.
Appellant, Eddie Rutledge, asks this court to declare sections 893.101 and 893.13, Florida Statutes (2007), facially unconstitutional and to vacate his conviction and sentence for possession of marijuana in excess of twenty grams. Alternatively, he asks this court to remand the cause for resentencing as a non-felon. Further, Rutledge claims the trial court committed fundamental error in denying his motion to suppress the evidence obtained from an alleged illegal stop where the court listened to hearsay testimony of the arresting officer as a substitute for the testimony of the actual informant in violation of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We affirm on both issues raised by Rutledge, and each will be addressed in turn.
Rutledge was charged with carrying a concealed firearm and possession of marijuana in excess of twenty grams. He waived his right to a jury trial on the two charges and subsequently filed a motion to suppress physical evidence and statements stemming from the stop of his vehicle. Without objection, the trial court heard Rutledge’s motion to suppress and the nonjury trial simultaneously.
At the trial, a Palm Beach County Sheriffs deputy testified that on the day of the incident he received specific information from a confidential informant regarding a drug deal that was going to occur in a gas station parking lot between 10:30 and 11:30 p.m. later in the evening. The deputy had not worked with the informant pri- or to this case. The informant told the deputy that the person delivering the drugs could possibly be armed. At about 11:00 p.m., a vehicle matching the description provided by the informant was in the gas station parking lot. The deputy and other law enforcement officers conducted a traffic stop on the vehicle based on the deputy observing that the suspect vehicle had a taillight completely out and its windows had a dark tint.
When the deputy approached the vehicle, he noticed that Rutledge’s shirt was not tucked in, and that there was a bulge near the front center of his waistband. The deputy also smelled the odor of marijuana coming from the car. He and other officers repeatedly asked Rutledge to show his hands, but Rutledge failed to comply with the commands. The deputy then opened the door, grabbed one of Rutledge’s arms, and removed him from the vehicle. As Rutledge was being removed from the car, and without being asked, Rutledge stated that he had a gun. At this point, Rutledge was secured in handcuffs and a loaded handgun was removed from Rutledge’s waistband. A further search revealed that Rutledge had two bags of marijuana in his pants weighing an approximate total of 230 grams. Another *777 loaded firearm was also found in the trunk of Rutledge’s vehicle.
After hearing argument from both defense counsel and the State, the trial court denied Rutledge’s motion to suppress. Specifically, the trial court found that the broken taillight justified the stop. Following this denial, and against counsel’s advice, Rutledge took the stand in his own defense and admitted that he possessed the firearm and marijuana. However, he testified that his firearm was not taken by the officers during the search. He claimed the gun was encased under the seat of his vehicle and accidentally came out of the vehicle when the officers removed him from the car. According to Rutledge, the police did not see the firearm; rather, he alerted them to it.
The trial court found him guilty as charged. He was ultimately sentenced by a different judge to five years in prison on each count, with the sentences to run concurrently. This appeal followed wherein Rutledge raises two issues as noted above.
First, Rutledge argues that the Florida legislature’s elimination of mens rea as an element of chapter 893, Florida Statutes, the Florida Comprehensive Drug Abuse and Control Act, renders the statute unconstitutional on its face. Therefore, Rutledge requests that we vacate his conviction and sentence for possession of marijuana in excess of twenty grams. However, after the filing of Rutledge’s initial brief, this argument was resolved by the Florida Supreme Court’s holding that sections 893.101 and 893.13 of the Florida Comprehensive Drug Abuse Act do not violate due process and thus are constitutional. See State v. Adkins, 96 So.3d 412, 420-23 (Fla.2012).
Rutledge’s alternative claim that “in order to construe the statute as a valid strict liability offense, the state and federal due process clauses require a penalty of less
than one-year incarceration and the removal of the stigmatie felony conviction” is also without merit. We have expressly held that possession of controlled substance in Florida is a general intent crime, not a strict liability crime. See Maestas v. State, 76 So.3d 991, 995-96 (Fla. 4th DCA 2011) (“Section 893.13 offenses are general intent crimes.... ”).
Finally, Rutledge argues that the trial court committed fundamental error in denying his motion to suppress the evidence obtained from the alleged illegal stop. Specifically, Rutledge alleges this fundamental error occurred when, in hearing both the motion to suppress and the facts of the trial, the court allowed hearsay testimony from the arresting officer to substitute for that of an untested confidential informant thereby denying Rutledge’s due process right of confrontation and cross examination in violation of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
In making this argument, Rutledge first concedes that the deputy’s stop of Rutledge’s vehicle “meets the standards set forth in Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).” Thus, Rutledge recognizes that the broken taillight on the car he was operating provided the deputy with probable cause to believe Rutledge was committing a traffic infraction, forming an objective basis for the stop. The trial judge also recognized this analysis and specifically relied on it in denying the motion. However, Rutledge insists that the trial court’s denial of the motion to suppress was fundamental error because the trial judge also listened without objection to hearsay testimony from the deputy as to the information given by the informant. Put another way, the proposed fundamental error occurred when the trial judge *778 also listened to, and rejected, an insufficient basis for the stop.
“A fundamental error is error that reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Tanzi v. State, 94 So.3d 482, 497 (Fla.2012) (citation omitted). The Florida Supreme Court has cautioned that “the doctrine of fundamental error should be applied only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.” Ray v. State, 408 So.2d 956, 960 (Fla.1981).
Here, the trial court recognized that the information from the informant was not sufficiently reliable to justify the stop and discarded the information in making its findings. As a result, the unpre-served alleged Crawford violation does not constitute fundamental error where the trial judge did not rely on this hearsay testimony. Moreover, while Rutledge does not appear to claim that the admission of the testimony tainted the nonjury trial itself, “[e]ven where a judge erroneously admits improper evidence, the judge as factfinder is presumed to disregard it.” Guzman v. State, 868 So.2d 498, 511 (Fla.2003). Thus, listening to the deputy’s hearsay testimony without objection as part of simultaneously hearing the motion to suppress and the nonjury trial was not fundamental error.

Affirmed.

STEVENSON and CIKLIN, JJ., concur.